UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, *a/k/a or f/k/a* John Hamilton, | C/A No. 9:15-4017-BHH-BM |
| Plaintiff, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Randall A. Root, *Individual Capacity*; Travis Pedy, *Individual Capacity*; John D. McBride, *Individual Capacity*, | |
| Defendants. | |

The Plaintiff, Muhammad Al-Mujahidin, also known or formerly known as John Hamilton, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time of the alleged incidents he was an inmate at the Perry Correctional Institution (PCI) of the South Carolina Department of Corrections (SCDC). He is currently housed at the McCormick Correctional Institution of the SCDC.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se



complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

**Discussion**

Plaintiff alleges that the Defendants sprayed him with 239 grams of chemical agents and placed him in a restraint chair at PCI on June 20, 2011.  He claims he was not allowed to take a shower to remove the chemical agents, he suffered burning and pain, and he was left naked in the restraint chair for eight to ten hours.  Plaintiff further alleges that Defendants retaliated against him by refusing to allow him to shower to remove the chemical agents and by denying him food.  He asserts that he was never charged with any institutional rules violation. Complaint, ECF No. 1 at 3-4. Plaintiff requests monetary damages. Id. at 5.

This case is subject to summary dismissal for the simple reason that Plaintiff already has another case pending in this court challenging these same actions taken against him at PCI on June 20, 2011.  See Al-Mujahidin v. Harouff, No. 9:14-cv-1266-BHH (D.S.C. 2014).  A Court may take judicial notice of its own books and records.  Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir.1989) ["We note that 'the most frequent use of judicial notice is in noticing the content

2



of court records.' "]. In Plaintiff's previously filed case, he names Daniel Harouff, Daniel Bush, D. Arrowood, Cathy Jones, and Michael McCall as defendants and alleges that he was subjected to excessive force on May 26 and June 20, 2011. In particular, he alleges that on June 20, 2011, he was sprayed with an entire can of mace, placed naked in a restraint chair for ten hours, and was not allowed to shower to remove the chemicals. In an Opinion and Order filed September 2, 2015, the Honorable Bruce Howe Hendricks, United States District Judge, granted in part and denied in part the defendants' motion for summary judgment. With respect to Plaintiff's June 20, 2011 excessive force claims, the Court found that there was a genuine issue of material fact regarding whether the defendants used excessive force in extracting Plaintiff from the shower and whether Plaintiff was subjected to cruel and unusual punishment because he allegedly was not allowed to decontaminate after being sprayed with chemical munitions. Plaintiff has filed an interlocutory appeal to the Fourth Circuit Court of Appeals, which is presently pending. See Al-Mujahidin v. Harouff, No. 9:14-cv-1266-BHH (D.S.C. 2014).

Consequently, the complaint in the above-captioned case is subject to summary dismissal because it is duplicative of portions of his pending claims already filed in Civil Action No. 9:14-1266-BHH. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)["The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."]. If Plaintiff believes the Defendants named here are also responsible for the same incidents alleged in his other case, he should have named them as Defendants in that other case. However, allowing the present action to proceed could lead to incongruous decisions.

3



Plaintiff may, of course, move to amend his pleadings in the previously filed (9:14-cv-1266-BHH) case to add these Defendants, if he believes he has proper grounds to do so at this late date. See Fed. R. Civ. P. 15.

**Recommendation**

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.[1]

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

November 18, 2015
Charleston, South Carolina

---

[1] This case is also not in proper form, as Plaintiff has not signed the Complaint and has not submitted a fully completed summons form listing every Defendant named in this matter. See In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007). However, as this case is subject to dismissal for the reason set forth hereinabove, a separate proper form order has not been issued.

4



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

