IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Muhammad Al-Mujahidin, *a/k/a or f/k/a* John Hamilton,<br><br>    Plaintiff,<br><br>v.<br><br>Randall A. Root, *Individual Capacity*;<br>Travis Pedy, *Individual Capacity*; John D. McBride, *Individual Capacity*,<br><br>    Defendants. | Civil Action No. 9:15-4017-BHH<br><br>**<u>ORDER</u>** |

  This matter is before the Court upon Plaintiff Muhammad Al-Mujahidin's complaint filed pursuant to 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 18, 2015, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court dismiss the action without prejudice and without issuance and service of process. In the Report, the Magistrate Judge noted that Plaintiff's claims arise from an incident allegedly occurring at the Perry Correctional Institution of the South Carolina Department of Corrections ("SCDC") on June 20, 2011. Specifically, in his complaint, Plaintiff alleges that Defendants sprayed him with 239 grams of chemical agents and placed him in a restraint chair naked for eight to ten hours, and that Defendants did not allow Plaintiff to take a shower to remove the chemical agents, causing him to suffer burning and pain.

  As the Magistrate Judge noted, Plaintiff filed another civil action in this Court

challenging the actions taken against him on June 20, 2011.  Specifically, in Civil Action Number 8:14-1266-JDA, Plaintiff sued Defendants Daniel Harouff, Daniel Bush, D. Arrowood, Cathy Jones, Michael McCall, and SCDC, alleging violations of his constitutional rights arising out of confrontations with SCDC personnel on May 26, 2011, and June 20, 2011.  With regard to the June 20 incident, Plaintiff alleges in Civil Action Number 8:14-1266-JDA that he was sprayed with an entire can of mace, was placed naked in a restraint chair for ten hours, and was not allowed to shower to remove the chemicals.  On September 2, 2015, the undersigned issued an order granting in part and denying in part Defendants' motion for summary judgment in that case,[1] and at this time, Plaintiff has been appointed counsel to represent him, and the case has been transferred to Magistrate Judge Jacquelyn D. Austin for trial, with a jury selection deadline of March 6, 2017.

In the Report in the instant case, the Magistrate Judge noted that although Plaintiff sued different Defendants in Civil Action Number 8:14-1266-JDA, portions of the pending claims in both actions arise out of the same set of facts, and allowing both cases to proceed could lead to incongruous results.  Accordingly, the Magistrate Judge recommended that the Court dismiss this later-filed action based on the duplicative nature of the claims, stating that "[i]f Plaintiff believes the Defendants named here are also responsible for the same incidents alleged in his other case, he should have named them as Defendants in that other case."  (ECF No. 14 at 3.)  Importantly, the Magistrate Judge also noted that Plaintiff can move to amend his pleadings in Civil Action Number 8:14-

---

[1] Specifically, the undersigned denied Defendants' motion for summary judgment with respect to Plaintiff's claim that officers used excessive force on June 20 when they sprayed him with chemical munitions beyond the point when Plaintiff submitted to their instructions and Plaintiff's claim that officers failed to allow Plaintiff to decontaminate after being sprayed with chemical munitions.  *See* ECF No. 75 in *Al-Mujahidin v. Harouff, et* al., Civil Action No. 8:14-1266-JDA.

1266-JDA to add these Defendants.

On December 3, 2015, Plaintiff filed written objections to the Magistrate Judge's Report. The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In his objections, Plaintiff admits that his previously filed action arises out of the June 20 incident; however, he contends that the actions are different because the officers named in the instant action are the officers who retaliated against him on June 20 by placing him in the restraint chair after accusing him of throwing fecal matter on them. (ECF No. 16 at 3.)

After review, the Court finds Plaintiff's objections to be without merit. Although Plaintiff contends that the two actions are separate and distinct, the Court agrees with the Magistrate Judge that both actions arise out of the same set of facts, and allowing both actions to proceed may lead to incongruous results. As the Magistrate Judge noted, if Plaintiff believes that the officers named in this action bear some responsibility for the events complained of in Civil Action No. 8:14-1266-JDA, then he needs to file a motion to amend his pleadings to add these Defendants to that action.

## **CONCLUSION**

Based on the foregoing, the Court hereby adopts the Magistrate Judge's Report (ECF No. 14) and overrules Plaintiff's objections (ECF No. 16). The Court summarily dismisses this action without prejudice and without issuance and service of process. In addition, in the interest of fairness and judicial economy, the Court instructs the Clerk to

send a copy of this order to Plaintiff's appointed counsel in Civil Action No. 8:14-1266-JDA, Howard W. Anderson, III, so that Plaintiff and his counsel may consider whether to file a motion to amend Plaintiff's pleadings in that action to add the above-named Defendants.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 17, 2016
Charleston, South Carolina